## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAVI CAMPBELL, Individually And On Behalf Of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>THE BOARD OF TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK,<br><br>        Defendant. | Case No.:<br><br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Ravi Campbell ("Plaintiff"), by and through undersigned counsel, brings this action against THE BOARD OF TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK ("Columbia" or "Defendant"), on behalf of himself and all others similarly situated, and makes the following allegations based upon information, attorney investigation and belief, and upon Plaintiff's own knowledge:

## NATURE OF THE ACTION

1.      Plaintiff brings this action individually, and on behalf of all similarly situated persons, who enrolled as students at Columbia between 2014 and the present.

2.      Plaintiff alleges breach of contract, unjust enrichment, common law fraud, and violation of New York General Business Law ("GBL") Section 349, and seeks compensatory, consequential, and punitive damages, costs and reasonable attorney's fees for Columbia's deceptive and unfair business practices, as herein alleged.

## JURISDICTION AND VENUE

3.    Subject matter jurisdiction exists under 28 U.S.C. § 1332(a) in that numerous adverse parties are citizens of different states and the amount in controversy exceed $75,000.

4.    This Court also has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  Plaintiff is informed and believes and thereon alleges that there are thousands of class members who have been harmed by Defendant's deceptive conduct and that the amount in controversy exceeds $5,000,000.00.

5.    This Court has personal jurisdiction over Defendant because it does business in the State of New York and this district, and substantial portion of the wrongful conduct alleged herein took place in New York.  Defendant has also pursued this New York market and its customers through local television promotion and advertisements resulting in sales of its products in New York and this District.

6.    Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7.    Plaintiff is an individual and a resident and citizen of New York.

8.    Defendant is the governing body vested with management and control of Columbia

9.    Defendant operates Columbia as a private research university located in New York.

10.    Plaintiff was a student at Columbia from 2014 to 2018.

11.    Upon information and belief, Defendant has an estimated endowment of approximately $10.9 billion and more than 30,000 enrolled students.

## STATEMENT OF FACTS

2

12.     Columbia is a private research university located in New York.

13.     Columbia holds itself out as a national leader in education.

14.     Columbia has approximately 30,000 undergraduate, graduate, and professional students in any one school year.

15.     U.S. News & World Report ("USNWR") is an American media company that publishes news, consumer advice, analysis, and university rankings.

16.     USNWR's rankings of American universities are popular with the general public and influence university application patterns.[1]

17.     USNWR's rankings are calculated using seventeen (17) "measures of quality," including, but not limited to: class size, percent of faculty with terminal degree in their field, percentage of faculty that is full-time, student-faculty ratio, financial resources per student, and graduation and retention rates. Normalized scores for each measure are weighted and added together, according to a formula, to arrive at a final overall score. [2]

18.     USNWR relies on universities, including COLUMBIA, to self-report the data used to determine the universities' rankings.

19.     Prospective students, including Plaintiff and the Class members, rely on USNWR's rankings (and the information implicitly contained within them, *i.e.*, class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources, etc.) when deciding whether to apply to and/or attend a university.

---

[1]     Michael Luca & Jonathan Smith, *Salience in Quality Disclosure: Evidence from the U.S. News College Rankings*, 22 J. Econ. & Mgmt. Strategy 58 (2013) (demonstrating that a one-rank improvement in USNWR rankings leads to a 0.9% increase in number of applicants).
[2]     Robert Morse & Eric Brooks, *A More Detailed Look at the Ranking Factors*, U.S. News & World Report, (Sept. 12, 2021), https://www.usnews.com/education/bestcolleges/articles/ranking-criteria-and-weights.

3

20.     Universities, including Columbia, use USNWR's rankings as marketing tools to recruit students.

21.     Columbia was ranked by USNWR from 1988 to 2022.

22.     Columbia's USNWR ranking has steadily risen from 18th place in 1988 to 2nd place in 2022.

23.     On or about February 28, 2022, Michael Thaddeus, Professor of Mathematics at Columbia, published an article concluding that Columbia had misreported to USNWR data that were used to calculate its USNWR rankings.[3]

24.     Thaddeus supports his conclusions with numerous demonstrations, including, but not limited to, the following:

(a)     Columbia reported to USNWR that 82.5% of undergraduate classes enroll fewer than 20 students – a higher percentage than any other school in the top 100 USNWR rankings. Analysis of data from Columbia's Directory of Classes indicates that the correct figure is likely between 62.7% and 66.9%.

(b)     Columbia reported to USNWR that 8.9% of undergraduate classes enroll 50 students or more. Analysis of data from Columbia's Directory of Classes indicates that the correct figure is likely between 10.6% and 12.4%.

(c)     Columbia reported to USNWR that 100% of its full-time faculty hold a terminal degree (*i.e.*, PhD, MBA, MFA, etc.). Analysis of data from Columbia's College Bulletin indicates that the correct figure is at most 96% and probably lower.

(d)     Columbia reported to USNWR that 96.5% of its non-medical faculty are

---

[3]     Michael Thaddeus, *An Investigation of the Facts Behind Columbia's U.S. News Ranking* (Feb. 28, 2022), https://www.math.columbia.edu/~thaddeus/ranking/executivesummary.pdf.

full-time. Analysis of data from the United States Department of Education indicates that the correct figure is likely 74.1%.

   (e) Columbia reported to USNWR that its student-faculty ratio is 6:1. Analysis of data from Columbia's Office of Planning and Institutional Research indicates that the correct figure is likely 11:1.

   (f) COLUMBIA reported to USNWR that it spent some undisclosed amount of money on instruction. However, COLUMBIA reported to the United States Department of Education that it spends $3.1 billion on instruction. Analysis of data from COLUMBIA's financial statements shows that much of this $3.1 billion represents expenditures on patient care made by COLUMBIA's medical center, and, therefore, that the correct figure is much lower.

25. On or about June 30, 2022, in response to Thaddeus' article, Columbia announced that it would not participate in the next USNWR rankings.[4,5]

26. On or about July 7, 2022, USNWR announced that it had "unranked" Columbia after being unable to verify the data it previously submitted to USNWR.[6]

## **CLASS ACTION ALLEGATIONS**

27. This action is brought and may be properly maintained as a class action pursuant to The Class Action Fairness Act, 28 U.S.C. § 1332.

---

[4] Anemona Hartocollis, Columbia Won't Participate in the Next U.S. News Rankings, *N.Y. Times*, (June 30, 2022), https://www.nytimes.com/2022/06/30/us/columbia-us-news-rankings.html.

[5] Robert Morse & Eric Brooks, U.S. News Unranks Columbia University in 2022 Best Colleges Rankings, *U.S. News & World Report*, (July 7, 2022), https://www.usnews.com/education/blogs/college-rankings-blog/articles/2022-07-07/u-s-news-unranks-columbia-university-in-2022-best-colleges-rankings.

[6] Anemona Hartocollis, *Columbia Loses Its No. 2 Spot in the U.S. News Rankings*, *N.Y. Times*, (July 8, 2022), https://www.nytimes.com/2022/07/08/us/us-news-rankings-columbia.html.

28.     This action has been brought and may properly be maintained as a class action against Defendant pursuant to the provisions of Rule 23 of the Federal Rule of Civil Procedure, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

29.     Plaintiff brings this action individually and on behalf of all others similarly situated, and seeks certification of a Class, defined as: "All persons who enrolled as students at COLUMBIA from 2016 to 2022."

30.     The following are excluded from the Class: Columbia, its affiliates, employees, officers and directors, heirs, successors and their assigns of any such person or entity, together with any immediate family member of any officers, directors, employee of said persons and/or entities, persons or entities that distribute or sell Columbia products or programs, the Judge(s) assigned to this case, and the attorneys of record in this case.  Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

31.     Plaintiff does not know the exact size of the Class, but it is reasonably estimated that the Class is composed of many more than 30,000 persons.  While the identities of Class members are unknown at this time, this information can be readily ascertained through appropriate discovery of the records maintained by Columbia.

32.     This action is properly brought as a class action because the proposed Class is so numerous and geographically dispersed throughout the United States that the joinder of all Class members is impracticable.

33.     This action is properly brought as a class action because the disposition of Plaintiff's and proposed Class members' claims in a class action will provide substantial benefits to both the parties and the Court.

34.     This action is properly brought as a class action because the proposed Class is ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed Class member were infringed or violated in the same fashion.

35.     This action is properly brought as a class action because there are questions of law and fact common to the proposed Class which predominate over any questions that may affect particular Class members.

36.     Such common questions of law and fact include, but are not limited to:

        (a)     Whether Columbia breached its educational contract with Plaintiff and the Class members;

        (b)     Whether Columbia was unjustly enriched by its wrongful acts and conduct;

        (c)     Whether Columbia committed fraud against Plaintiff and the Class members and whether it concealed its fraud from them;

        (d)     Whether Plaintiff and the Class members have been harmed and the proper measure of relief, including punitive damages;

        (e)     Whether Plaintiff and the Class members are entitled to an award of attorneys' fees and expenses; and

        (f)     Whether Plaintiff and the Class members are entitled to equitable relief, and if so, the nature of such relief.

37.    Plaintiff's claims are typical of the claims of the members of the proposed Class. Plaintiff and the Class members have been injured by the same wrongful practices of Columbia. Plaintiff's claims arise from the same practices and conduct that give rise to the claims of all the Class members and are based on the same legal theories.

38.    Plaintiff will fairly and adequately protect the interests of the Class in that he has no interests antagonistic to those of the other Class members and Plaintiff has retained attorneys experienced in class actions and complex litigation as counsel.

39.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a)    Given the size of the individual Class members' claims and the expense of litigating those claims, few, if any, Class members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent the Class action, have no substantial interest in individually controlling the prosecution of individual actions;

(b)    This action will promote an orderly and expeditious administration and adjudication of the proposed Class claims, economies of time, effort and resources will be fostered, and uniformity of decisions will be insured; and

(c)    Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation which would preclude Class certification.

40.    A class action is a superior and cost-effective method for the fair and efficient adjudication of the present controversy and there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class wide, instead of on a repetitive individual basis.

8

41.     The prosecution of separate actions by individual Class members would run the risk of inconsistent or varying adjudications, which would (a) establish incompatible standards of conduct of Defendant in this action and (b) create the risk that adjudications with respect to individual Class members would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

## **FIRST COUNT**

## **(BREACH OF CONTRACT)**

42.     Plaintiff re-alleges and incorporates by reference each of the allegations contained in the preceding paragraphs above, as if fully set forth herein.

43.     The law recognizes that there is an educational contractual relationship between student and college, university or trade school.

44.     Plaintiff and each Class member accepted Defendant's offer to provide an education leading to a degree in the chosen field and entered into an agreement to attend Columbia in exchange for the payment of agreed upon tuition and fees.

45.     Defendant agreed to provide each Class member and Plaintiff with the necessary course work, instruction and training, in a specified time frame, whereby each Class member and Plaintiff would be eligible to earn a degree, upon their successful completion of required courses.

46.     The subject contract imposed upon each party a duty of good faith and fair dealing in its performance and its enforcement, by embracing a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

47.     Plaintiff and each Class member performed their obligations under the contract and complied with their duty of good faith and fair dealing.

48.     Defendant had a duty of good faith and fair dealing not to take opportunistic advantage of the Plaintiff and the Class members in a way that could not have been contemplated at the time of entering into the contract.

49.     Defendant had a duty of good faith and fair dealing to act in accordance with the agreed common purpose and consistent with the justified expectations of the other party, namely Plaintiff and the Class members.

50.     Defendant breached this duty of good faith and fair dealing.

51.     Defendant breached its agreement with Plaintiff and the Class members by misreporting data that were used to calculate its rankings to USNWR.

52.     Defendant breached its agreement with Plaintiff and each Class member by representing to USNWR that it possessed certain characteristics, qualifications, requirements, benefits, and levels of attainment that it did not to actually possess.

53.     Plaintiff and the Class members reasonably relied upon the fact that Defendant would truthfully and accurately submit information and critical data to USNWR.

54.     Plaintiff and the Class members had no means of knowing or learning that Defendant was engaged in misreporting data that were used to calculate the rankings of educational institutions to USNWR.

55.     If Plaintiff and/or the Class members had knowledge of Defendant's misreporting of data and deceptive practices described herein, they would not have applied for admission to Columbia.

56.     If Plaintiff and/or the Class members had knowledge of Columbia's misreporting of data and deceptive practices described herein, they would not have agreed to pay premiums for tuition, fees and costs based, in material part, upon Columbia's USNWR ranking.

57.     Defendant's above-described breaches of contract have raised grave concerns about the value and legitimacy of a Columbia degree.

58.     Defendant's above-described breaches of contract have raised grave concerns about the integrity of Columbia's administration.

59.     Defendant's above-described breaches of contract have raised grave concerns about the strength of Columbia's reputation.

60.     By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have been damaged and sustained pecuniary injury.

61.     By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have been deprived of the benefit of their bargain, equal to what Plaintiff and the Class members would have received, if the representations underlying Columbia's ranking, had been true.

62.     By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have sustained out of pocket damages for the incremental difference between the tuition and fees Plaintiff and the Class Members actually paid, and the amount of tuition and fees they would have paid or other institutions that they could have enrolled in, had the representations underlying Columbia's ranking been true.

63.     By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have sustained consequential damages in the nature of application fees, transaction fees and interest charges in connection with the student loans.

64.     By reason of Defendant's above-described breaches of contract, Plaintiff and the Class Members have sustained consequential damages in the nature of the costs incurred for course related books and subscriptions.

65.     By reason of Defendant's above-described breaches of contract, Plaintiff and the Class members have sustained consequential damages in the nature of expenses incurred for airfare, transportation and meals in connection with attending Columbia.

66.     By reason of the foregoing, Plaintiff and the Class Members have sustained damages in an amount to be determined at trial.

## SECOND COUNT

## (UNJUST ENRICHMENT)

67.     Plaintiff re-alleges and incorporates by reference, each of the allegations contained in the preceding paragraphs above, as if fully set forth herein.

68.     At all relevant times, Defendant knew that the misreporting of critical data to USNWR was necessary for it to retain its extremely high ranking as an educational institution.

69.     Defendant knew that its ranking from USNWR provided significant leverage to enable the school to increase enrollment.

70.     Defendant knew that its top ranking from USNWR provided significant leverage to enable the school to increase tuition rates and fees.

71.     Plaintiff and the Class members decided to enroll at Columbia largely due to the prestige associated with Columbia's extremely high USNWR ranking.

72.     Plaintiff and the Class members paid a premium for tuition and other fees to attend Columbia, a USNWR top-ranked educational institution, with class sizes, faculty

resources, student-faculty ratios, graduation and retention rates, and financial resources that that were represented to be supportive of its USNWR ranking.

73.   In fact, Plaintiff and the Class members did not receive the benefit of attending a USNWR top-ranked educational institution, with class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources supportive of its USNWR ranking.

74.   Defendant's actions and conduct, as described herein, were false, immoral, unethical, and/or unscrupulous.

75.   As a result of the foregoing, Defendant was enriched at the expense of Plaintiff and the Class members by Defendant's wrongful conduct and actions, and accordingly, it is against equity and good conscience to permit Defendant to retain such enrichment.

76.   Defendant is required to make restitution to Plaintiff and the Class members.

77.   It would be inequitable and unjust for Defendant to retain the benefits it obtained without a return payment of value to Plaintiff and the Class members.

78.   By reason of the foregoing, Plaintiff and the Class members have sustained damages in an amount to be determined at trial.

## THIRD COUNT

## (VIOLATION OF GBL SECTION 349)

79.   Plaintiff re-alleges and incorporates by reference, each of the allegations contained in the preceding paragraphs above, as if fully set forth herein.

80.   GBL § 349 provides for consumer protection by declaring as unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state . . . ."

81.     Columbia is a private university, which, among other things, is in the business of marketing and delivering educational services and degrees to the general public.

82.     Plaintiff and the Class members are consumers of educational services, who have paid substantial tuition and fees to Defendant.

83.     Columbia's efforts to sell its services to prospective students, which included Plaintiff and the Class members, were "consumer-oriented."

84.     Columbia, an educational institution, is subject to the same laws, both statutory and common law, that govern other purveyors of goods and services in New York.

85.     Columbia is engaged in unlawful, unfair, deceptive and fraudulent acts and practices in violation of GBL § 349 by engaging in the activities described herein.

86.     As part of its marketing practices and recruitment efforts, Defendant made numerous statements, representations and omissions to the public, including Plaintiff and the Class members, with respect to Columbia's USNWR ranking.

87.     Such statements, representations and omissions, which were uniform and identical in nature, were intended to induce potential students, including Plaintiff and the Class members, to enroll at Columbia.

88.     Defendant's statements, representations and omissions were material to the decisions by Plaintiff and the Class members to enroll and attend Columbia, and proximately caused them to pay premiums for tuition, fees and costs.

89.     The aforementioned statements, representations and omissions made by Columbia were objectively false, misleading and deceptive to Plaintiff and the Class members.

90.     Defendant's above-alleged actions constitute unfair business practices since the actions were deceptive and injurious to Plaintiff and the Class members because they enrolled as

students at Columbia with the reasonable expectation that they would be entitled to benefits of attending a USNWR top-ranked educational institution, with class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources supportive of its USNWR ranking.

91.     In fact, Plaintiff and the Class members did not receive the benefit of attending a USNWR top-ranked educational institution, with class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources supportive of its USNWR ranking.

92.     Defendant violated GBL § 349 by engaging in deceptive acts of practices in the conduct of its business with Plaintiff and the Class members.

93.     Defendant violated GBL § 349 by causing likelihood of confusion or of misunderstanding to Plaintiff and the Class members, as to the legitimacy of its educational programs.

94.     Defendant violated GBL § 349 by causing likelihood of confusion or of misunderstanding to Plaintiff and the Class members as to the validity of its ranking by USNWR.

95.     Defendant violated GBL § 349 by representing to USNWR that it possessed certain characteristics, qualifications, requirements, benefits, and levels of attainment that it knew itself not to actually possess.

96.     Defendant violated GBL § 349 by representing that it was of a particular standard, quality or grade, under circumstances in which it knew that such representations and reporting were not true at the time made.

97.     At all relevant times, Defendant knew that its ranking by USNWR was a false representation of fact, based upon lies and fabricated data provided to USNWR by Defendant.

98.     At all relevant times, Defendant knew that its ranking by USNWR was based upon misreported data and deceptive reporting practices it employed.

99.     Defendant's unfair competition and deceptive practices actually deceived or had the tendency to deceive its student body, including Plaintiff and the Class members.

100.    At all relevant times, Defendant knew that the false representations and misreporting of critical data to USNWR was necessary for it to retain its top USNWR ranking.

101.    At all relevant times, Defendant knew that its top USNWR ranking provided significant leverage to enable the school to increase enrollment and tuition.

102.    At all relevant times, Defendant knew that its failure to achieve top USNWR ranking was likely to make a difference in the purchasing decisions of its prospective applicants.

103.    Plaintiff and the Class members had no means of knowing or learning that Defendant was engaged in the unfair methods of competition and deceptive acts or practices described herein.

104.    If Plaintiff and/or the Class members had knowledge of Defendant's unfair methods of competition and deceptive acts or practices described herein, they would not have applied for admission to Columbia.

105.    If Plaintiff and/or the Class members had knowledge of Defendant's unfair methods of competition and deceptive acts or practices described herein, they would not have agreed to pay premiums for tuition, fees and costs based, in material part, upon Columbia's USNWR ranking.

106.    Defendant's violations of GBL § 349, as described herein, were immoral, unethical, and unscrupulous.

107.     Defendant's violations of GBL § 349, as described herein, have directly caused Plaintiff and the Class members to have suffered ascertainable losses.

108.     Defendant's violations of GBL § 349, as described herein, have deprived Plaintiff and the Class members of the benefit of their bargain, equal to what Plaintiff and the Class members would have received, if the representations underlying Columbia's USNWR ranking had been true.

109.     Defendant's violations of GBL § 349, as described herein, have directly caused each Plaintiff and Class members to have suffered ascertainable loss for damages measured by the incremental difference between the tuition and fees Plaintiff and the Class members actually paid Defendant, and the amount of tuition and fees they would have paid Defendant or other institutions that they could have enrolled in, had the representations underlying Columbia's ranking been true.

110.     Defendant's violations of GBL § 349, as described herein, have directly caused Plaintiff and the Class members to have suffered ascertainable loss in the nature of expenses incurred for application fees, transaction fees and interest charges in connection with the student loans.

111.     Defendant's violations of GBL § 349, as described herein, have directly caused Plaintiff and the Class members to have suffered ascertainable loss in the nature of the costs incurred for course related books and subscriptions.

112.     Defendant's violations of GBL § 349, as described herein, have directly caused Plaintiff and the Class members to have suffered ascertainable loss in the nature of expenses incurred for airfare, transportation and meals in connection with attending Columbia.

113.    Plaintiff and the Class members paid a premium for tuition and other fees to attend Columbia, a USNWR top-ranked educational institution, with class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources supportive of its USNWR ranking.

114.    In fact, Plaintiff and the Class members did not receive the benefit of attending a USNWR top-ranked educational institution, with class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources supportive of its USNWR ranking.

115.    The ascertainable loss sustained by each Plaintiff and Class members, as a proximate result of Defendant's violations of GBL § 349, include perceived diminution in the academic value of a Columbia degree and reduced opportunities in the workplace for recipients thereof.

116.    As a proximate result of Defendant's violations of GBL § 349, Defendant is liable to Plaintiff and the Class members for compensatory damages.

117.    As a proximate result of Defendant's violations of GBL § 349, Defendant is liable to Plaintiff and the Class members for consequential damages.

118.    By reason of the foregoing, Plaintiff and the Class members have sustained damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for Judgment as follows:

(A)    Certifying this case as a class action, with Plaintiff as Class representative and his attorneys as Class counsel;

(B)     Awarding Judgment to Plaintiff and the Class members for all available monetary damages and other relief under the FIRST COUNT asserted;

(C)     Awarding Judgment to Plaintiff and the Class Members for all available monetary damages and other relief under the SECOND COUNT asserted;

(D)     Awarding Judgment to Plaintiff and the Class members for all available monetary damages and other relief under the THIRD COUNT asserted;

(E)     Awarding Plaintiff and the Class members their costs and disbursements, including reasonable attorney's fees;

(F)     Granting such other and further relief as may be deemed just and proper in the premises.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demands trial by jury in this action of all issues so triable.

Dated: July 12, 2022

**GAINEY McKENNA & EGLESTON**

By:  */s/ Thomas J. McKenna*
     Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

***Attorneys for Plaintiff***

19