# GAINEY McKENNA & EGLESTON

_____

ATTORNEYS AT LAW

www.gme-law.com

501 FIFTH AVENUE
19th FLOOR
NEW YORK, NEW YORK 10017
TEL: (212) 983-1300
FAX: (212) 983-0383

375 ABBOTT ROAD
PARAMUS, NEW JERSEY 07652
TEL: (201) 225-9001
FAX: (201) 225-9002

Please Reply To The New York Address

September 28, 2022

**VIA ECF**

The Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square – Courtroom 705
New York, NY 10007

      Re:    _In re Columbia College Rankings Action_, 1:22-cv-05945-PGG

Dear Judge Gardephe:

We represent Plaintiffs Ravi Campbell and Student A ("Plaintiffs").   In accordance with Section IV(A) of Your Individual Rules of Practice, we write in response to the Board of Trustees of Columbia University's ("Columbia" or "Defendant") letter dated September 23, 2022.

Plaintiff Campbell was enrolled as an undergraduate student at Columbia from 2014 to 2018, and Plaintiff Student A was enrolled as a graduate student at Columbia from 2019 to 2021. Plaintiffs bring this case as a result of Columbia's false and misleading data reporting to U.S. News & World Report ("USNWR"), intended for public consumption.[1]

Columbia's is not the first university to deliberately misreport its metrics to USNWR. Recently, the Dean of Temple University's Fox School of Business, Moshe Porat, was sentenced to 14 months in federal prison for deceiving students and others into falsely believing that the school's business degree programs legitimately earned top rankings, so they would pay tuition and donations to Temple.[2]   Mr. Porat submitted false information about the school's online and part-time MBA programs to USNWR to inflate its rankings.   Temple paid over $5 million in a class settlement to students in the MBA and other masters programs to resolve the consumer fraud and

---

[1]    Michael Thaddeus, _An Investigation of the Facts Behind Columbia's U.S. News Ranking_ (Feb. 28, 2022), https://www.math.columbia.edu/~thaddeus/ranking/executivesummary.pdf.

[2]    https://www.justice.gov/usao-edpa/pr/former-temple-busiiness-school-dean-sentenced-over-one-year-prison-rankings-fraud-scheme.

*The Honorable Paul G. Gardephe*
*September 28, 2022*
*Page 2*

breach of contract claims brought by former students for the same deceit.[3]

     For the reasons below, Defendant's objections to Plaintiffs' complaints are without merit and Defendant's anticipated motion to dismiss should be denied in its entirety.

## Plaintiffs' Article III Jurisdiction

     Columbia relies on a misinterpretation of Plaintiffs' allegations in the complaints.[4]   The complaints allege Columbia's false and misleading data reporting to USNWR, which caused Columbia to significantly rise in USNWR rankings from 18th place in 1988 to 2nd place in 2022. ¶ 22.[5]   As detailed in the Complaint, Columbia used its USNWR's rankings as marketing tools to recruit students:

> Universities, including Columbia, use USNWR's rankings as marketing tools to recruit students.   ¶ 20; and

> If Plaintiff and/or the Class members had knowledge of Columbia's misreporting data and deceptive practices described herein, they would not have agreed to pay premiums for tuition, fees and costs based, in material part, upon Columbia's USNWR artificially inflated ranking.   ¶ 56.

     Such well-pled allegations easily satisfy Article III standing.   The Constitutional minimum of Article III standing consists of three elements, namely that Plaintiffs: (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).   Plaintiffs have clearly alleged that they have suffered an injury-in-fact.

     Further, under GBL Section 349, Plaintiffs also sufficiently allege an injury.   The

---

[3]    https://temple-news.com/temple-university-reaches-more-than-5-4-settlement-in-students-class-action-lawsuit-about-fox-school-of-business-data-scandal/; *see also* https://sports.yahoo.com/rutgers-students-receive-5-million-192659394.html (Rutgers engaged in the same practice).

[4]    Defendant argues that "Student A lacks standing for the additional reason that they attended Columbia as a graduate student.   The 2022 ranking relates only to the undergraduate program." Not true.   Student A does not lack standing because he attended Columbia as a graduate student. The USNWR rankings in question are "Best National University Rankings," not "Best Undergraduate College Rankings."   Further, the Complaint alleges that Columbia's misrepresentations to USNWR extend well before 2022.   Professor Michael Thaddeus' report implies that Columbia has been falsely reporting to USNWR for years.   Columbia has since admitted it submitted erroneous data.   *See* https://www.columbiaspectator.com/news/2022/09/10/in-us-news-scandal-a-confession-an-apology-and-previously-unreleased-data-emerge/.

[5]    All references to "¶" are to the Complaint entitled *Campbell v. The Board of Trustees of Columbia University in the City of New York*, Case 1:22-cv-05945 ("Complaint").

*The Honorable Paul G. Gardephe*
*September 28, 2022*
*Page 3*

Complaint alleges facts that, if true, establish that Columbia's USNWR rankings were false and misleading to a reasonable consumer, were intended to mislead Plaintiffs, and caused Plaintiffs harm in the form of economic injury.   ¶ 109 ("Defendant's violations of GBL § 349, as described herein, have directly caused each Plaintiff and Class members to have suffered ascertainable loss for damages measured by the incremental difference between the tuition and fees Plaintiff and the Class members actually paid Defendant, and the amount of tuition and fees they would have paid Defendant or other institutions that they could have enrolled in, had the representations underlying Columbia's ranking been true.").   *See Ackerman v. Coca-Cola Co.*, 2010 U.S. Dist. LEXIS 73156, at *88 (E.D.N.Y. July 21, 2010) ("Injury is adequately alleged under GBL §§ 349 or 350 by a claim that a plaintiff paid a premium for a product based on defendants' inaccurate representations.") (citations omitted).[6]

## **Breach of Contract**

Plaintiffs have pled the existence of a contract (¶ 44); Plaintiffs adequately performed their obligations under the contract (¶ 47); Defendant breached the agreement (¶¶ 50-52); and Plaintiffs and the putative class have suffered damages (¶¶ 60-65).    Nothing more is required.

*First*, Columbia contends that that representations it made for inclusion in the USNWR rankings as to class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources provided to them by Columbia, cannot create an enforceable agreement. Columbia, however, purposely represented these informational metrics to the entirety of the USNWR readers, including Plaintiffs, with the sole purpose of increasing the prestige and value of a Columbia degree.

*Second*, Columbia disregards the duty of good faith and fair dealing that Columbia owed to Plaintiffs and Class members.   By misrepresenting Columbia's class sizes, faculty resources, student-faculty ratios, graduation and retention rates, and financial resources, Columbia was violating that duty and as a result damaged Plaintiffs.

*Third*, Columbia contends that Plaintiffs' breach of contract claims are for "educational malpractice."   Defendant's contentions are plainly without merit and ignore the clear distinction between "educational malpractice" claims and the case at bar.   This is plainly not a case involving subjective judgment of professional education.   This case concerns paying for something that was ultimately not delivered to Plaintiffs.

*Lastly*, Columbia contends that Plaintiffs' damages claims are impermissibly speculative. Not true.   Columbia breached its agreement with Plaintiff and each Class member by representing

---

[6]      *See also Greene v. Gerber Prods. Co.*, 262 F. Supp. 3d 38, 68 (E.D.N.Y. 2017) (finding a sufficiently pled section 349 and 350 injury where plaintiff alleged that she would not have paid the price charged if not for the purported allergy benefits in the Infant Formula); *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 288-89 (S.D.N.Y. 2014) (finding a sufficiently pled section 349 injury where the plaintiff alleged that he would not have paid the price charged for "fat-free" milk had he known it contained fat).

*The Honorable Paul G. Gardephe*
*September 28, 2022*
*Page 4*

to the public that it possessed certain characteristics, qualifications, requirements, benefits, and levels of attainment that it did not to actually possess.   Plaintiffs have suffered damages for their loss of expectation interests (a commonly accepted damages theory in consumer class actions), and thus are entitled to recover their consequential damages resulting from Columbia's breach of contract.

In short, Plaintiffs breach of contract claim suffers from no deficiency and must be permitted to advance into discovery.

## Unjust Enrichment

Columbia's arguments to dismiss Plaintiffs' unjust enrichment claim fare no better.   *First*, Columbia argues that Plaintiffs have not suffered an injury.   Such argument is without merit and addressed *supra*.   *Second*, Columbia argues that Plaintiffs unjust enrichment claim is duplicative of their breach of contract claim.   In doing so, Columbia ignores the alternative pleading permitted by Rule 8 of the Federal Rules of Civil Procedure.   *Lastly*, Columbia argues that Plaintiffs have not met their pleading requirements under Rule 9(b) without explaining the basis of this argument.   This is without merit and Plaintiffs claim for unjust enrichment is properly pled in the alternative.

## GBL § 349

To assert a claim under either GBL § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) [the] plaintiff suffered injury as a result of the allegedly deceptive act or practice."   *Orlando v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).

Defendant does not contest that it offers a consumer-oriented product, but only takes issue with whether Defendant made any misrepresentation to Plaintiffs.   As stated above, by making false and misleading misrepresentations to a publicly circulated publication like USNWR, Columbia purposefully made the same representations to all potential readers of the USNWR school rankings, including Plaintiffs and perspective students.   Such statements, representations and omissions, which were uniform and identical in nature, were used as marketing tools to induce potential students, including Plaintiffs and the Class members, to enroll at Columbia.

## Statute of Limitations

Plaintiffs' claims are not time barred due to New York's equitable tolling doctrine.   Under New York's equitable tolling doctrine, a statute of limitations does not run against a plaintiff who was justifiably ignorant of his cause of action, and the doctrine of equitable estoppel may toll a statute of limitations where defendant's misconduct caused him to delay bringing suit. *Soroof Trading Development Co., Ltd. v. GE Fuel Cell Systems, LLC*, 842 F. Supp. 2d 502 (S.D.N.Y. 2012).

Here, Plaintiffs had no way of discovering that Columbia was misrepresenting their

*The Honorable Paul G. Gardephe*
*September 28, 2022*
*Page  5*

informational metrics to USNWR given their lack of access to the formal data or process occurring between Columbia and USNWR data collectors.   It was after the February 28, 2022 scientific analysis exposing the misrepresentations of Columbia by its own professor, that Plaintiffs were placed on notice of this breach.   Both Plaintiffs filed suit within six (6) months of this discovery, well within the breach-of-contract and unjust enrichment claims' six-year statute of limitations[7] and the GBL claim's three-year statute of limitations.[8]

        For these reasons, Columbia's anticipated motion to dismiss should be denied.

Respectfully submitted,

**GAINEY McKENNA & EGLESTON**

*/s/ Thomas J. McKenna*

Thomas J. McKenna

cc:    Maura K. Monaghan, Esq. (By ECF)
       Gregory M. Egleston, Esq. (By email)
       Paul Doolittle, Esq. (By email)

---

[7]     "Generally, the issue of whether a defendant should be equitably estopped from asserting the Statute of Limitations as an affirmative defense to the plaintiff's complaint is not a question of law, but rather a question of fact, which should be fully developed and determined upon the trial of the action."   *St. John's Univ., New York v. Bolton*, 757 F. Supp. 2d 144, 187 (E.D.N.Y. 2010). Further, under New York law, equitable tolling "may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action."   *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (citation omitted). "Due diligence on the part of the plaintiff in bringing an action, however, is an essential element of equitable relief" under New York law, and a plaintiff must therefore "articulate any acts by defendants that prevented him from timely commencing suit."   *Miles v. City of N.Y.*, 2018 U.S. Dist. LEXIS 130914 (S.D.N.Y. Aug. 3, 2018) (internal quotation marks omitted).   Here, Plaintiffs have alleged that Columbia concealed its breaches, and that they had no means to uncover the truth without obtaining further information uniquely in Columbia's possession.

[8]     While claims under Section 349 are governed by a three-year statute of limitation, *see Gaidon v. Guardian Life Insurance Company of America*, 96 N.Y.2d 201, 208, 750 N.E.2d 1078, 727 N.Y.S.2d 30 (2001), equitable tolling is available in cases of fraudulent concealment, *see Weil v. Long Island Savings Bank, FSB*, 77 F. Supp.2d 313, 324 (E.D.N.Y. 1999). Nothing in the Complaint precludes Plaintiffs from developing facts showing a basis for fraudulent concealment and therefore for equitable tolling.   *See Rodriguez v. Island Park, Inc.*, 1991 U.S. Dist. LEXIS 9469 (E.D.N.Y. 2001) (setting forth conditions upon which fraudulent concealment can be used for equitable tolling).