UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: COLUMBIA COLLEGE RANKINGS ACTION<br><br>This Document Relates To:<br><br>All Actions. | Case No. 1:22–cv–05945-PGG<br><br>(Consolidated with Case No. 1:22–cv–06567–PGG) |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE CONSOLIDATED PUTATIVE CLASS ACTION COMPLAINT**

DEBEVOISE & PLIMPTON LLP
  Maura K. Monaghan
  Kristin D. Kiehn
  Aasiya F. Mirza Glover
66 Hudson Blvd.
New York, New York 10001
(212) 909-6000
mkmonaghan@debevoise.com
kdkiehn@debevoise.com
afmglover@debevoise.com

*Attorneys for Defendant The Trustees of Columbia University in the City of New York*

March 10, 2023

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................... 1

**ARGUMENT** .................................................................................................................................. 1

      A.    Plaintiffs Mischaracterize the Complaint's Allegations ............................................ 1

      B.    The Complaint Fails to Plead an Injury-in-Fact. ..................................................... 1

      C.    The Complaint Fails to Adequately Plead GBL Claims .......................................... 4

            1.    Plaintiffs Misstate the Pleading Standard. ........................................................ 4

            2.    The Complaint Fails to Plead a Cognizable GBL Claim................................. 4

      D.    The Complaint Fails to Plead a Breach-of-Contract Claim. .................................... 7

      E.    The Unjust Enrichment Claim is Improperly Pleaded. ............................................ 9

      F.    Plaintiffs Cannot Avoid the Time Bar on their Claims. ........................................... 9

**CONCLUSION** ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Abercrombie v. Andrew College*,
   438 F. Supp. 2d 243 (S.D.N.Y. 2006)..................................................................................10

*Amidax Trading Group v. S.W.I.F.T. SCRL*,
   671 F.3d 140 (2d Cir. 2011)...................................................................................................4

*Ansari v. New York University*,
   1997 WL 257473 (S.D.N.Y. May 16, 1997) .........................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...............................................................................................................4

*Basso v. New York University*,
   2017 WL 1019505 (S.D.N.Y. Feb. 24, 2017) ....................................................................8, 9

*Basso v. New York University*,
   2020 WL 7027589 (S.D.N.Y. Nov. 30, 2020) .......................................................................9

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007)...............................................................................................................4

*Bevelacqua v. Brooklyn Law School*,
   2013 WL 1761504 (N.Y. Sup. Ct. Apr. 22, 2013).................................................................7

*Cosgrove v. Oregon Chai*, *Inc.*,
   520 F. Supp. 3d 562 (S.D.N.Y. 2021) ....................................................................................4

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013)...................................................................................................5

*Fiore v. University of Tampa*,
   568 F. Supp. 3d 350 (S.D.N.Y. 2021)....................................................................................8

*Gomez-Jimenez v. New York Law School*,
   943 N.Y.S.2d 834 (Sup. Ct. 2012),
   *aff'd*, 956 N.Y.S.2d 54 (App. Div. 2012) ..............................................................................7

*Gross v. N.Y.C. Health & Hospitals Corp.*,
   505 N.Y.S. 2d 678 (App. Div. 1986)...................................................................................10

*John v. Whole Foods Marketing Group,*
   858 F.3d 732 (2d Cir. 2017)...................................................................................................3

*Klausner v. Annie's, Inc.*,
   581 F. Supp. 3d 538 (S.D.N.Y. 2022) ..................................................................................9

*Koenig v. Boulder Brands, Inc.*,
   995 F. Supp. 2d 274 (S.D.N.Y. 2014) ..................................................................................6

*Lightfoot v. Union Carbide Corp.*,
   110 F.3d 898 (2d Cir. 1997) ................................................................................................9

*Luitpold Pharmaceuticals, Inc. v. Ed. Geistlich Söhne A.G. Für Chemische
   Industrie*,
   784 F.3d 78 (2d Cir. 2015) ..................................................................................................8

*Mihalakis v. Cabrini Medical Center*,
   542 N.Y.S.2d 988 (App. Div. 1989) ....................................................................................7

*Pelman ex rel. Pelman v. McDonald's Corp.*,
   396 F.3d 508 (2d Cir. 2005) ................................................................................................4

*Planète Bleue Télévision, Inc. v. A&E Television Networks, LLC*,
   2018 WL 10579873 (S.D.N.Y. Sept. 19, 2018) ...................................................................8

*Precision Imaging of New York, P.C. v. Allstate Insurance Co.*,
   263 F. Supp. 3d 471 (S.D.N.Y. 2017) ..................................................................................4

*Spagnola v. Chubb Corp.*,
   574 F.3d 64 (2d Cir. 2009) ..................................................................................................5

*Wilson v. Mastercard Inc.*,
   2022 WL 3159305 (S.D.N.Y. Aug. 8, 2022) .......................................................................2

*Wright v. Publishers Clearing House, Inc.*,
   439 F. Supp. 3d 102 (E.D.N.Y. 2020) .................................................................................6

### Other Authorities

Fed. R. Civ. P. 12(b)(1) ..................................................................................................................1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................1

Fed. R. Civ. P. 9(b) ................................................................................................................1, 4, 10

Defendant The Trustees of Columbia University in the City of New York ("Defendant") respectfully submits this memorandum of law in further support of its motion pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b) to dismiss the Consolidated Class Action Complaint (the "Complaint") filed by Plaintiffs Ravi Campbell ("Campbell"), Student A, Student B, Student C, and Student D (collectively "Plaintiffs") (ECF No. 32).

## PRELIMINARY STATEMENT

Plaintiffs' Opposition fails to salvage the Complaint. Instead, Plaintiffs attempt to evade the Complaint's utter lack of factual support by referring repeatedly to vague "claims" and "representations" by Defendant that are nowhere alleged in the Complaint; arguing for an outdated pleading standard for the GBL claims; and denying that their Columbia education was lacking in any way. Plaintiffs' arguments succeed only in highlighting the deficiencies in the Complaint and the lack of foundation for their speculative claims.

## ARGUMENT

**A.    PLAINTIFFS MISCHARACTERIZE THE COMPLAINT'S ALLEGATIONS.**

Plaintiffs' Opposition asserts that prior to 2022, Defendant misreported data to USNWR on multiple data points in addition to undergraduate class size. Opp. at 7–8, 12. However, the *Complaint* contains no such allegations. The only data point allegedly misreported during Plaintiffs' years of attendance was the number of undergraduate classes enrolling fewer than 20 students. Compl. ¶¶ 64–220. Plaintiffs are bound by the allegations in their Complaint.

**B.    THE COMPLAINT FAILS TO PLEAD AN INJURY-IN-FACT.**

Plaintiffs contend that their theory of injury is simple—"concrete tuition increases traceable to Defendant's ascent in USNWR rankings." Opp. at 7. Yet this assertion merely highlights the gaping lack of factual support in the Complaint. There are no "concrete tuition increases" alleged. The Complaint fails to make any allegations about (*i*) how much Defendant

1

charged for tuition during the years in question; (*ii*) how much Plaintiffs paid for tuition (including whether they received any scholarships or financial aid that lowered their costs); or (*iii*) any estimation regarding how much of a "premium" Plaintiffs overpaid to establish that the amount was non-trivial in nature. The Complaint's allegations are anything but "concrete" and can be summed up as simply, "I attended Columbia and therefore I overpaid." Broad-brush assertions of injury devoid of factual support do not establish Article III standing. *See, e.g., Wilson v. Mastercard Inc.*, 2022 WL 3159305, at *4 (S.D.N.Y. Aug. 8, 2022) (dismissing complaint where plaintiff failed to allege "how much she was overcharged, the exchange rate she contends would have been appropriate, the date the transaction occurred or the date the transaction was processed by Mastercard, or even the amount . . . of the item" purchased).

Furthermore, the Complaint is devoid of any allegations explaining how the unidentified tuition increases—assuming they were alleged—were traceable to Defendant's purported "ascent" in the USNWR rankings. The Complaint contains no allegations linking USNWR rank to tuition costs, let alone a plausible explanation of how a single data point purportedly misreported to USNWR fueled an ascent in the rankings or, by extension, had a direct and material impact on Defendant's undergraduate tuition, not to mention the graduate school tuition presumably paid by three of the five plaintiffs. To the contrary, a single data point could not plausibly have had a material impact on the rank, which is a complex amalgam of 17 measures weighted and calculated by USNWR pursuant to a proprietary formula. Compl. ¶ 29. The undergraduate class size measure comprises only eight percent of the rank, and the specific data

point which the Complaint alleges was misreported—undergraduate classes enrolling fewer than 20 students—comprises only one of five data points incorporated into that figure.[1]

Plaintiffs' reliance on *John v. Whole Foods Marketing Group,* 858 F.3d 732 (2d Cir. 2017), further highlights their deficient allegations.  Opp. at 7.  The *John* plaintiff alleged that an investigation by the New York City Department of Consumer Affairs ("DCA") showed that the weights on Whole Foods packages of certain products were systematically and routinely mislabeled.  *Id*. at 734–35.  Because prices were "based on the weight of the food," the products were allegedly overpriced.  *Id*. at 734.  The Second Circuit considered whether the allegations provided "a plausible basis to conclude that [plaintiff] overpaid Whole Foods for pre-packaged cheese or cupcakes . . . ."  *Id*. at 736–37.  Relying on the allegations concerning the DCA investigation, including that 89% of the tested packages were non-compliant, and that the plaintiff regularly purchased such products during the relevant period, the court concluded that the plaintiff plausibly alleged that he overpaid for at least one product.  *Id*. at 737–38.

Here, by contrast, Plaintiffs fail to plausibly allege that a single allegedly misreported data point was the direct cause of any tuition increase and, in turn, caused them an injury.  Unlike a price per ounce or pound, tuition fees are not correlated to any one factor.  Myriad factors impact tuition costs.  Moreover, Plaintiffs do not rely on anything like a DCA investigation finding routine and systemic overpricing during the period in which Plaintiffs were enrolled at Columbia.  Instead, they try to extrapolate a single data point from Thaddeus's post— which focused on multiple data points reported for the 2022 college rankings and which did not contain any analysis, or even conjecture, about any impact on tuition—as the sole support for

---

[1]   Declaration of Aasiya F. M. Glover ("Glover Decl.") Ex. A, § 2, filed together with Memorandum of Law in Support of Defendant's Motion to Dismiss the Consolidated Putative Class Action Complaint ("Brief").

their speculative theory that they paid an unidentified "premium" for tuition. Plaintiffs' allegations are wholly insufficient to establish a plausible injury-in-fact. *See generally Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 148 (2d Cir. 2011) ("[F]or [plaintiff] to have standing to sue, its alleged injury in fact must be plausible.").

C.     **THE COMPLAINT FAILS TO ADEQUATELY PLEAD GBL CLAIMS.**

   1.     **Plaintiffs Misstate the Pleading Standard.**

As a threshold matter, Plaintiffs twice misstate the pleading standard for GBL claims by citing *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005). Opp. at 10 n.5, 14. Although Plaintiffs are correct that GBL claims are not subject to Rule 9(b)'s heightened pleading standard, *id.* at 10 n.5, the "'bare-bones notice-pleading requirements' for GBL § 349 claims described in *Pelman* have been superseded by the more rigorous plausibility standards set forth in *Ashcroft v. Iqbal* . . . and *Bell Atlantic Corp. v. Twombly*." *Precision Imaging of N.Y., P.C. v. Allstate Ins. Co.*, 263 F. Supp. 3d 471, 476 n.4 (S.D.N.Y. 2017) (dismissing GBL § 349 claim because plaintiffs, *inter alia*, alleged a "counterfactual speculat[ive]" theory of injury that was "insufficient to satisfy the basic plausibility pleading requirement").[2] Under the correct standard, a plaintiff must establish facial plausibility by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007)).

   2.     **The Complaint Fails to Plead a Cognizable GBL Claim.**

Plaintiffs' muddled discussion of materiality misses the mark. Despite asserting that "materiality is not an element of a" GBL claim, Opp. at 11, Plaintiffs acknowledge elsewhere

---

[2]  The same holds true for GBL § 350 claims as the two statutes share the same standard of recovery and courts "merge [the] analysis of the two claims." *Cosgrove v. Oregon Chai, Inc.*, 520 F. Supp. 3d 562, 575 (S.D.N.Y. 2021).

that a plaintiff must allege an act or practice that was "misleading ***in a material respect***." *Id*. at 9 (quoting *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir. 2009)) (emphasis added).  Plaintiffs also improperly conflate "materiality" with "reliance."  Although reliance is not an element of a GBL claim, Plaintiffs must plausibly allege that Defendant's alleged actions were material in that they were "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  Plaintiffs do not dispute that the Complaint is devoid of any allegation that misreporting a data point to USNWR about undergraduate class size was likely to mislead a reasonable consumer.

Instead, Plaintiffs try to recast their allegation and assert that they "need only establish that a 'reasonable consumer' would be misled or deceived by Defendant's claims regarding its "***ranking***." Opp. at 12 (emphasis in original).  Yet the Complaint fails to identify *any* claims by Defendant regarding its ranking, let alone a deceptive claim that was material to a reasonable consumer.  Similarly, Plaintiffs' discussion of GBL injury repeatedly invokes "Defendant's claims," "inaccurate representations," and "promises" regarding its "USNWR spot atop the rankings" and "representations and omissions . . . advertised to all prospective Columbia students."  Opp. at 13–14.  But again, the Complaint fails to identity any such claim, representation, or advertisement by Defendant.  Plaintiffs simply highlight the very thing missing from the Complaint——specific allegations of deceptive conduct by Defendant to which they were exposed.  Indeed, Plaintiffs offer no response to Defendant's argument that the Complaint fails to allege that Plaintiffs themselves were exposed to a deceptive act or advertisement, including any specific USNWR ranking or publication or any statement by Defendant relating to its ranking, undergraduate class sizes, or anything else.

Plaintiffs' attempt to rebut Defendant's arguments concerning a price premium theory is equally unsuccessful. Plaintiffs expressly disclaim any injury other than payment of an unidentified "premium," conceding that their educational experiences were not lacking in any respect. *Id*. at 14 & n.7. The premise of a "price premium" theory in consumer goods cases is that a plaintiff paid a higher price for a product based on an alleged unique characteristic which the product did not have, and thus failed to receive the benefit of that characteristic. *See, e.g., Koenig v. Boulder Brands, Inc.,* 995 F. Supp. 2d 274, 287-89 (S.D.N.Y. 2014) (alleging plaintiff paid for "fat-free" milk but received a product containing fat). Conversely, such a theory generally is not cognizable where the value of the product to a consumer is subjective. *See, e.g., Wright v. Publishers Clearing House, Inc.,* 439 F. Supp. 3d 102, 115–16 (E.D.N.Y. 2020) (noting "price premium" claims are premised on a seller's failure to provide a product with an "observable, material quality," whereas "the fact that a product failed to live up to a consumer's individual expectations, standing alone, is insufficient to allege a price premium.").

Plaintiffs' "price premium" theory can be read in one of two ways. Under the first reading, the theory is that Plaintiffs bargained to attend a school with a certain USNWR rank. The problem with this theory is that the school did in fact have the rank assigned by USNWR when Plaintiffs were enrolled. Thus, even assuming Plaintiffs enrolled at Columbia solely for reasons of prestige because it had a certain USNWR rank (which they do not allege in the Complaint), Plaintiffs received the benefit of that observable, material quality. They concede this: "[W]hen Plaintiffs enrolled at Columbia, the rankings were not in question." Opp. at 22.

Under the second reading, Plaintiffs' theory is that they bargained to attend a school whose underlying qualities justified its USNWR rank at the time. The problem here is that the only reason Columbia would not have deserved its rank, and a corresponding ability to charge an

6

alleged "premium," would be because some aspect of the educational experience or characteristics that make up the ranking were lacking. The Court would need to evaluate the worth of the purportedly lacking characteristic, in this case undergraduate class size, to determine the amount of tuition Defendant properly should have charged. This is precisely the type of speculative inquiry that courts refuse to entertain. *See, e.g., Bevelacqua v. Brooklyn Law Sch.*, 2013 WL 1761504, at *9 n.13 (N.Y. Sup. Ct. Apr. 22, 2013) (rejecting claim premised on inflated tuition payments); *Gomez-Jimenez v. N.Y. Law Sch.*, 943 N.Y.S.2d 834, 849–51 (Sup. Ct. 2012), *aff'd*, 956 N.Y.S.2d 54 (App. Div. 2012) (same); *Mihalakis v. Cabrini Med. Ctr.*, 542 N.Y.S.2d 988, 989–90 (App. Div. 1989) (rejecting claim premised on value of internship program). Indeed, unlike an orange whose worth can be calculated on a scale, there is not an objective correlation between a USNWR rank (or its individual data points) and tuition. Moreover, the value of an education or degree is unique to each student's goals and experiences. *See, e.g.*, Glover Decl. Ex. A, § 8 (rankings "provide the wrong information [and] what universities offer is far too complex to be projected to a single parameter").

Plaintiffs cannot plead a cognizable GBL claim using a "price premium" theory of injury.

**D.    THE COMPLAINT FAILS TO PLEAD A BREACH-OF-CONTRACT CLAIM.**

In attempting to salvage their contract claim, Plaintiffs continue to mischaracterize the Complaint, referencing a "specific promise" Defendant purportedly made to Plaintiffs and claiming that the USNWR rank was "frequently touted" by Defendant. Opp. at 17. Plaintiffs may wish the Complaint contained such allegations, but it does not. The Complaint is entirely devoid of any contractual promise made to Plaintiffs, as underscored by their citation to *Ansari v. New York University*, 1997 WL 257473, at *3 (S.D.N.Y. May 16, 1997) (identifying specific promises contained in promotional materials and communications with plaintiffs with respect to state-of-the-art facilities, hands-on training, and program activities). Opp. at 15–16.

7

Furthermore, Plaintiffs' contract damages theory rests on the same conclusory and speculative price premium argument as their GBL claims.  Again, Plaintiffs fail to plead any facts to support their claim that they paid a tuition premium, nor do they identify any "lost opportunity or any other damage" that they suffered, either reputationally or otherwise, that would impugn the price they paid for their respective degrees.  *See Planète Bleue Télévision, Inc. v. A&E Television Networks*, *LLC*, 2018 WL 10579873, at *15 (S.D.N.Y. Sept. 19, 2018) (Gardephe, J.).  The Complaint's bald assertion that there are now, years later, "grave concerns" about the integrity and value of those degrees, Compl. ¶ 296, is wholly speculative.

Plaintiffs' cited cases offer no help.  *Luitpold* was a business dispute involving alleged breaches of patents and trademarks, where the court found that damages from a defendant's product advertisements were "certainly plausible."  *Luitpold Pharms., Inc. v. Ed. Geistlich Söhne A.G. Für Chemische Industrie*, 784 F.3d 78, 86-87 (2d Cir. 2015).  *Luitpold* has no relevance here.  In *Fiore*, the plaintiffs alleged specific promises by a school to provide in-person education and other services in catalogs, syllabi, and class schedules, which the school allegedly breached by switching to remote instruction.  *Fiore v. Univ. of Tampa*, 568 F. Supp. 3d 350, 369 (S.D.N.Y. 2021).  Applying Florida law, the court concluded that plaintiffs adequately pleaded damages because they pointed to "objective metrics" applicable to "the value of in-person as opposed to online education" and alleged specific experiences they were promised but did not receive.  *Id*. at 373.  The Complaint is devoid of such metrics and allegations.  In *Basso v. New York University*, the plaintiffs alleged that NYU failed to deliver on "specific promises" made in bulletins, its website, and in messages from the program chair that faculty, equipment, and facilities at Tisch Asia would be of the same quality as those on the New York campus.  2017 WL 1019505, at *3 (S.D.N.Y. Feb. 24, 2017).  Judge Marrero concluded at the time that the

plaintiffs adequately pleaded damages. *Id*. Not only does the Complaint here lack allegations that specific promises were breached, but Judge Marrero later granted summary judgment in NYU's favor, concluding that "students' complaints about the general quality of the education they received and invitations for courts to make comparative value judgments between academic programs both constitute essentially repackaged actions asserting educational malpractice, and courts have repeatedly rejected such claims." 2020 WL 7027589, at *15 (S.D.N.Y. Nov. 30, 2020) (adhering to "these well-established precedents" and dismissing contract claims).

### E. THE UNJUST ENRICHMENT CLAIM IS IMPROPERLY PLEADED.

Plaintiffs' unjust enrichment claim cannot survive because it is duplicative of their other claims. Plaintiffs avoid this argument entirely—and for good reason, as New York courts repeatedly have held that claims for unjust enrichment cannot be maintained where they merely duplicate a conventional tort or contract claim. Brief at 19 (collecting cases).[3]

### F. PLAINTIFFS CANNOT AVOID THE TIME BAR ON THEIR CLAIMS.

Plaintiffs again try to re-write the Complaint by asserting that they formed a contract with Defendant that was breached in each successive year rather than at the initial date of application and enrollment as alleged in the Complaint. Opp. at 21. Nowhere does the Complaint allege that Plaintiffs relied upon a promise from Defendant in deciding each year to remain enrolled at Columbia (indeed, the Complaint fails to identify any promise at all). Plaintiffs similarly seek to salvage their GBL claims by arguing that Defendant engaged in a series of deceptive acts. *Id*. at 22. But again, the Complaint does not allege *any* specific deceptive acts or statements by Defendant *to which Plaintiffs were exposed*, let alone in each year of their enrollment. And even

---

[3]   Even *Lightfoot v. Union Carbide Corp.*, cited by Plaintiffs, affirmed that where a contract covers "the same specific subject matter for which the implied agreement [was] sought," no cause of action for unjust enrichment can lie. 110 F.3d 898, 905 (2d Cir. 1997); *see also Klausner v. Annie's, Inc.,* 581 F. Supp. 3d 538, 552 n.7 (S.D.N.Y. 2022) (dismissing unjust enrichment claim as duplicative because it simply restated plaintiff's "core theory").

under Plaintiffs' formulation, all of Student D's claims are barred (final year 2015), Compl. ¶ 16, and Campbell's GBL claims are barred (final year 2018). *Id*. ¶ 12.

Nor are Plaintiffs entitled to equitable tolling, which should be "invoked sparingly and only under exceptional circumstances." *Gross v. N.Y.C. Health & Hosps. Corp.*, 505 N.Y.S. 2d 678, 679 (App. Div. 1986). Equitable tolling is not available where the alleged concealment supporting the estoppel forms the basis of the underlying claims. *See Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006). Plaintiffs seek estoppel on the basis that "misrepresentations [were made] by numerous Columbia employees in internally gathering and submitting false data to USNWR." Opp. at 24. But in Plaintiffs' own words, the allegation that "Defendant mispresented data to USNWR . . ." is "[t]he premise of this action." *Id*. at 6–7.[4] Plaintiffs' estoppel argument also fails Rule 9(b)'s pleading standard, as they fail to specify with sufficient particularity the who, what, where, when, and how of any alleged fraudulent concealment. *See Abercrombie,* 438 F. Supp. 2d at 266 (noting tolling claim premised on fraudulent concealment must comport with Rule 9(b)).

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that the Complaint be dismissed in full and with prejudice. Plaintiffs' inability to remedy the deficiencies in their claims does not result from mere in-artful pleading, but from their legally infirm theories of liability. Indeed, they have already amended their complaint with knowledge of Defendant's arguments. Accordingly, dismissal with prejudice is appropriate.

Dated:  March 10, 2023                                        By: /s/ *Maura K. Monaghan*

---

[4]   Ironically, Plaintiffs argue that Rule 9(b) does not apply to their unjust enrichment claim because it does not sound in fraud, Opp. at 20 n.12, yet seek to rely on allegations of fraudulent concealment to save their claims based on the same allegations.

                Maura K. Monaghan
                Kristin D. Kiehn
                Aasiya F. Mirza Glover
                **DEBEVOISE & PLIMPTON LLP**
                66 Hudson Blvd.
                New York, NY 10001
                Tel: (212) 909-6000
                mkmonaghan@debevoise.com
                kdkiehn@debevoise.com
                afmglover@debevoise.com

                *Counsel for The Trustees of Columbia University in the City of New York*

**CERTIFICATE OF SERVICE**

I, Kristin D. Kiehn, hereby certify that I am above 18 years of age and not a party to this action, and that on March 10, 2023, I served the following papers on Plaintiffs in the above referenced action by email to their attorney Thomas J. McKenna at TJMcKenna@gme-law.com:

- Memorandum of Law in Further Support of Defendant's Motion to Dismiss the Putative Class Action Complaint

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Dated:     March 10, 2023

                                                  /s/ Kristin D. Kiehn